UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON KLEIN,<br><br>        Plaintiff,<br><br>    v.<br><br>KATHLEEN LONGWELL, et al.,<br><br>        Defendants. | CASE NO. 1:15-cv-00830-LJO-MJS (PC)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>**(ECF No. 11)** |

**I.    PROCEDURAL HISTORY**

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983.

On June 26, 2015, the Magistrate Judge assigned to the case screened Plaintiff's complaint and dismissed it for failure to state a claim, but gave leave to amend. (ECF No. 10.) Thereafter, Plaintiff filed objections to the screening order (ECF No. 11), which the Court construes as a motion for reconsideration.

**II.    LEGAL STANDARD**

Federal Rule of Civil Procedure 72(a) allows parties to file objections to nondispositive orders decided by a Magistrate Judge. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id.

1


Similarly, Local Rule 303(c) allows parties to seek reconsideration by a District Judge of a Magistrate Judge's pretrial rulings. Local Rule 303(c). The assigned District Judge shall review all such requests for reconsideration under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A). Local Rule 303(f) (citing Fed. R. Civ. P. 72(a)).

## III. ANALYSIS

### A. Plaintiff's Allegations

Plaintiff is detained at Coalinga State Hospital pursuant to the Sexually Violent Predator Act. He names as Defendants the following persons in their individual capacities: (1) Kathleen Longwell, Ph.D., Psychologist for the Department of State Hospitals ("DSH"); and (2) Michael Musacco, Ph.D., Psychologist for DSH.

Plaintiff's essentially alleges that evaluations conducted by Defendants in relation to his commitment proceedings erroneously relied on Plaintiff's juvenile offenses. Plaintiff seeks to have Defendants removed from his case and requests independent evaluations and a new probable cause hearing.

### B. Screening Order

The Magistrate Judge concluded that Plaintiff's request for new, independent evaluations and a new probable cause hearing attacked the very proceedings that led to his detention, and that no relief could be granted without invalidating Plaintiff's detention. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1141 (9th Cir. 2005). Accordingly, the Magistrate Judge concluded that such claims are cognizable only in habeas corpus and may not be brought in a section 1983 action.

### C. Objections

Plaintiff claims that the screening order is in error because he does not seek to invalidate his commitment proceedings, but rather to correct underlying Due Process violations. He further claims that the Magistrate Judge erred in concluding that Plaintiff has been adjudicated a Sexually Violent Predator, when in fact his commitment

proceedings are ongoing. He presents further argument as to why Defendants' evaluations were improper.

### D. Analysis

Plaintiff's complaint was unclear as to whether Plaintiff has been adjudicated a Sexually Violent Predator. To the extent he has, his claims represent an attempt to indirectly attach his detention and are Heck barred for the reasons stated by the Magistrate Judge. Heck v. Humphrey, 512 U.S. 477, 489 (1994) (unless and until favorable termination of the conviction or sentence, no cause of action under section 1983 exists); Huftile, 410 F.3d at 1141 (concluding that challenge to SVPA assessments would imply invalidity of civil commitment and therefore could only be brought in habeas corpus).

To the extent Plaintiff's commitment proceedings are ongoing, the Court must abstain from addressing his claims. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37 (1971); Samuels v. Mackell, 401 U.S. 66 (1971). Younger abstention is required when: (1) state judicial proceedings are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Super. Ct., 23 F.3d 218, 223 (9th Cir. 1994). Courts in this circuit have unanimously concluded that these principles likewise require the Court to abstain from interfering in civil proceedings to determine whether Plaintiff is a sexually violent predator. See, e.g., Mackenzie v. Holder, No. ED CV 13–08217–VBF–JC, 2013 WL 8291434, at *2 (Nov. 27, 2013), and cases cited therein. Accordingly, the Court will abstain from addressing Plaintiff's claim in this civil action while his commitment proceedings are pending.

Based on the foregoing, the Magistrate Judge did not clearly err in concluding that Plaintiff's complaint failed to state a claim.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, Plaintiff has not presented a basis for reconsideration of the Magistrate Judge's screening order. Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's objections (ECF No. 11), which the Court construes as a motion for reconsideration, are DENIED;
2. To the extent Plaintiff is able to cure the deficiencies noted herein and in the screening order, Plaintiff shall file an amended complaint within thirty (30) days of the date this order;
3. If Plaintiff fails to file an amended complaint in compliance with this order, the action will be dismissed, with prejudice, for failure to comply with a court order and failure to prosecute.

IT IS SO ORDERED.

Dated:  **July 16, 2015**                     /s/ Lawrence J. O'Neill
                                                         UNITED STATES DISTRICT JUDGE

4.